IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00186-DME-KMT

COLLECTACHECK, INC.,

       Plaintiff,

v.

CHECK COLLECTION & RECOVERY, INC., VICTOR LONG, AND CHARLES HINLEY,

       Defendants.

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO DISMISS DEFENDANTS' COUNTERCLAIMS AND TO COMPEL ARBITRATION

In this diversity action, Plaintiff CollectACheck, Inc. ("CollectACheck") brings breach of contract, fraud, and negligent misrepresentation claims under Colorado law against Defendants Check Collection & Recovery, Inc. ("CC&R"), Victor Long, the CEO and a shareholder of CC&R, and Charles Hinley, the CFO and a shareholder of CC&R.  Following this Court's denial of Defendants' motion to dismiss, Defendants filed an answer to CollectACheck's complaint, as well as a number of counterclaims.  (See Doc. 19.)

Currently before this Court is CollectACheck's motion to dismiss one of Defendants' counterclaims and to compel arbitration of that counterclaim.  (See Doc. 24.)  Specifically, CollectACheck requests that this Court dismiss Count II of Defendants' counterclaims, which requests a declaration that two non-

compete agreements the parties entered into are invalid. Defendants responded to CollectACheck's motion, (see Doc. 29), and CollectACheck filed a reply (see Doc. 30). Accordingly, this issue is ripe for resolution by this Court.

**I. Background**

The Court already recited the basic facts of this diversity action in the Court's May 6, 2009, order denying the defendants' motion to dismiss, (see Doc. 15), so the Court will now only recite the facts relevant to the instant dispute. The Defendants and CollectACheck entered into two non-compete agreements in relation to the Asset Purchase Agreement that formed the basis for this lawsuit. (See Doc. 24, Ex. B and Ex. C.) Both of those agreements contain arbitration clauses stating, inter alia, that "[a]ny dispute, claim, or controversy . . . relating to or arising out of the interpretation or performance of this Agreement, shall be resolved . . . by arbitration . . . ." ( Doc. 24, Ex B at 5; Doc. 24, Ex. C at 5.) In their second counterclaim, the Defendants seek a declaration stating that these non-compete agreements are unenforceable as agreements in restraint of trade and because CollectACheck has allegedly failed to comply with its contractual duties. (See Doc. 19 at 17-19.)

**II. Analysis**

"Section 4 of the Federal Arbitration Act ('FAA') provides a remedy to a party seeking to compel compliance with an arbitration agreement. Under section 4, a federal court is instructed to order arbitration to proceed once it is satisfied that 'the making of the agreement for arbitration . . . is not in issue.'" Weis Builders, Inc. v. Kay S. Brown Living Trust, 236 F. Supp. 2d 1197, 1204

(D. Colo. 2002) (quoting 9 U.S.C. § 4).  Where a Court concludes that arbitration is appropriate, it "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement . . ."  9 U.S.C. § 3.

Defendants argue that these arbitration agreements are unenforceable because CollectACheck has allegedly failed to fulfill its obligations to Defendants under the Non-Compete Agreements as well as the Asset Purchase Agreement.  (See Doc. 29 at 4-6.)  However, the Supreme Court recently affirmed that "as a matter of substantive federal arbitration law, an arbitration provision is severable from the remainder of the contract [and] unless the challenge is to the arbitration clause itself, the issue of the contract's validity is considered by the arbitrator in the first instance . . ." Buckeye Check Cashing, Inc. v. Cardegna, 546 U.S. 440, 445-46 (2006).  Thus, a challenge to the validity of the contract underlying an agreement to arbitrate must be considered in the first instance by the arbitrator, not the court.

Defendants in this case do not challenge the validity of the arbitration agreement.  They merely challenge the continuing validity of the underlying agreements not to compete.  Accordingly, we must refer those challenges to the arbitrator.  See Jeske v. Brooks, 875 F.2d 71, 75 (4th Cir. 1989) (rejecting "arguments that the arbitration clause must be declared invalid on grounds that the customer's agreement as a whole is void due to . . . lack of consideration," and stating that "[b]ecause the alleged defects pertain to the entire contract, rather than specifically to the arbitration clause, they are properly left to the

arbitrator for resolution").

### III. Conclusion

The Court GRANTS CollectACheck's motion to compel arbitration of Defendants' second counterclaim, and DENIES CollectAChecks's motion to dismiss. Accordingly, any judicial action related to Defendants' second counterclaim is STAYED pending arbitration. Both parties are ordered to give the Court notice within 30 days after the arbitrator issues his or her award. Further, if no award has been entered by January 5, 2010, the parties are required to provide the Court with a status report.

Dated this __11th__ day of August, 2009

BY THE COURT:

*s/ David M. Ebel*

United States Circuit Court Judge