IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00186-DME-KMT

COLLECTACHECK, INC.,

    Plaintiffs,

v.

CHECK COLLECTION & RECOVERY, INC., VICTOR LONG, AND CHARLES HINELY,

    Defendant.

_____

**PROTECTIVE ORDER**
_____

Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of proprietary and confidential information of any party, witness, or person providing discovery in this case, **IT IS ORDERED**:

1.    This action involves the production and disclosure of documents, testimony and other information, some of which will be of a confidential and proprietary nature.  The Parties agree that all confidential and proprietary information and documents produced, disclosed, given or filed in this action should be subject to a Protective Order pursuant to Fed. R. Civ. P. 26(c).

2.    This Protective Order shall apply to all documents, data, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure, including all copies, excerpts, and summaries thereof (collectively, "Material").

3.  As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

4.  Information designated "CONFIDENTIAL" shall be information that is confidential and proprietary and implicates common law and statutory interests. CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case.

5.  Any party to this action, and any non-party from whom discovery is sought in connection with this action and who has signed an undertaking in the form of Exhibit A attached hereto, may designate as "CONFIDENTIAL" any Material produced or disclosed by such party that contains confidential and/or proprietary information. "CONFIDENTIAL" Material, as used in this Order, shall refer to any so designated Material, including all copies thereof, and shall also refer to the information contained in such Material. No designation shall be made unless an attorney certifies that the designation as CONFIDENTIAL is based on a good faith belief that the information is confidential or otherwise entitled to protection under Fed. R. Civ. P. 26(c)(7).

6.  Material designated "CONFIDENTIAL" shall be maintained in confidence by the party to whom such Material is produced or served and shall not be disclosed to any person except:

   a.  the Court and its officers;

   b.  counsel, whether retained counsel or in-house counsel;

   c.  employees of counsel;

        d.    the parties, provided that the parties agree to retain the confidential nature of the Material;

        e.    certified shorthand and/or professional court reporters, for purposes of transcription and related services in connection with depositions, hearings and trial;

        f.    third parties engaged by counsel or the parties to assist in this litigation, provided that any such party has signed an undertaking in the form of Exhibit A attached hereto;

        g.    Authors, addressees and undisputed recipients of the "CONFIDENTIAL" Material;

        h.    A witness at a deposition or at trial if there is a good faith reason to believe the witness (or the employer of such witness if upon Rule 30(b)(6) deposition) (1) has previously seen the Material, or (2) is familiar with the subject matter of the Material and likely has knowledge of relevant information regarding the Material or information designated as "CONFIDENTIAL";

        i.    all persons to whom a party has a legal or contractual obligation to provide such Material, including a party's reinsurers and outside or in-house auditors; and

        j.    Federal and state regulatory agencies, their employees and representatives to whom the parties have a statutory obligation to transmit information or report concerning this action. Access by regulatory agencies to "CONFIDENTIAL" Material shall be limited to documents that the regulatory agencies reasonably need to review in their role as regulatory agencies.

7.    In the event the producing party elects or is otherwise required to make available for inspection Material that the producing party deems "CONFIDENTIAL," no markings need

be made by the producing party in advance of the inspection. All such Material shall be considered marked "CONFIDENTIAL" for purposes of the inspection. Within a reasonable time after selection by the inspecting party of specified Material for copying, the producing party shall make the appropriate designation.

8.     Material produced without the designation of "CONFIDENTIAL" may be so designated subsequent to production if the producing party failed to make such designation at the time of production through inadvertence or error. If Material is designated as "CONFIDENTIAL" subsequent to production, the receiving party or parties shall promptly collect any copies that have been provided to individuals other than those identified in paragraph 6 and 7 of this Order.

9.     A party may use Material designated by that party as "CONFIDENTIAL" for the prosecution or defense of claims in another proceeding ("Outside Proceeding"). A party may not use Material designated by any other party as "CONFIDENTIAL" for the prosecution or defense of claims in an Outside Proceeding. If the Material has not been designated as "CONFIDENTIAL" in the Outside Proceeding, the party shall notify each other party, and any such party shall have the opportunity to seek an order that the Material is not "CONFIDENTIAL" as provided in paragraph 10.

10.    Nothing herein shall prohibit a party from seeking an Order that designated Material is not "CONFIDENTIAL." However, prior to seeking any such Order from the Court, the parties disputing the "CONFIDENTIAL" nature of the Material shall meet and confer in good faith to attempt to resolve the dispute.

11.     Subject to paragraphs 7 and 8 of this Order, no designation of Material as "CONFIDENTIAL," including the giving of testimony at a deposition or hearing, shall be effective unless, as applicable, an attorney certifies that the designation as CONFIDENTIAL is based on a good faith belief that the information is confidential or otherwise entitled to protection under Fed. R. Civ. P. 26(c)(7) and the party or non-party making the designation: (a) receives an order from the Court or (b) affixes the copies of the Material with an identifying number and serves all parties with a notice that the Material is "CONFIDENTIAL," or (c) affixes the Material or copies of the Material with the term "CONFIDENTIAL." Testimony given at a deposition may be so designated by an appropriate statement at the time of the giving of such testimony or within a reasonable time after counsel receives the transcript of such deposition. If deposition testimony is designated "CONFIDENTIAL," this Order shall govern the certified shorthand and/or court reporter (and such reporter's staff) performing transcription and related services with respect to such testimony. The party that claims that the Material is "CONFIDENTIAL" shall notify the certified shorthand and/or court reporter of any subsequent designation of Material as "CONFIDENTIAL" by letter copied to counsel for the parties herein. The letter shall inform the shorthand and/or court reporter which portion(s) of the deposition transcript are to be designated "CONFIDENTIAL."

12.     Any party may use Material given, disclosed or produced by another party and designated as "CONFIDENTIAL" for the prosecution and defense of the claims in this action so long as the party complies with this Order. All Material given, disclosed or produced by another party and designated "CONFIDENTIAL" shall be used by the party receiving such Material solely for the prosecution and defense of the claims in this action and shall not be used for any

5

business, commercial, competitive, personal or other purpose, except in response to a court order, an order of an administrative tribunal, a subpoena, or search warrant, not issued in this action (collectively, an "Outside Order"). If any party is requested in an Outside Order to produce Material that has previously been designated as "CONFIDENTIAL," the party receiving an Outside Order shall not produce any such Material unless each other party is informed of the Outside Order and is given written notice within two (2) business days after the receipt of the Outside Order. The notice should include the date, place and time in which the testimony or production of documents is to be provided. If the party receiving written notice objects to having such Material furnished, the party receiving the Outside Order for the Material shall not provide the same, except upon the entry of a court order directing disclosure. The party objecting shall, if applicable, file a motion for protective order and shall otherwise take whatever steps are necessary to protect the "CONFIDENTIAL" Material upon receiving such written notice.

13. All parties and nonparties must file a motion for permission to file Material under seal or otherwise request the closure of proceedings. Where practical, only "CONFIDENTIAL" portions of Material filed with the Court shall be filed under seal.

14. Nothing in this Protective Order shall affect the right of any party to seek additional protection against the disclosure of any information, documents, or Material of a highly sensitive nature. The parties shall meet and confer to negotiate additional protection for any such Material. Any remaining dispute concerning such additional provisions shall be submitted to the Court for resolution.

15. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice

shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

16.     At the conclusion of this case (including exhaustion of appeals if any) all "CONFIDENTIAL" Material disclosed in this action, and all copies thereof, shall be returned to the producing party, or, at the option of the producing party, opposing counsel shall certify in writing that such "CONFIDENTIAL" Material has been destroyed.

17.     This Protective Order shall remain in force and effect after the termination of this litigation, or until canceled or otherwise modified by Order of this Court.

18.     The parties agree to be bound by the terms of this Protective Order once it is signed by all the parties hereto pending its entry by the Court, and any violation of its terms during such pendency shall be subject to the same sanctions and penalties as if this Protective Order had been entered by the Court at the time of the violation.

Dated this 22nd day of October, 2009.

**BY THE COURT:**

Kathleen M. Tafoya
United States Magistrate Judge

APPROVED:

| | |
|---|---|
| *s/Charles T. Mitchell* | *s/William B. Stanton* |
| Charles T. Mitchell | Jon F. Sands |
| Sander, Ingebretsen & Wake, P.C. | William B. Stanton |
| 1660 17th Street, Suite 450 | Fisher, Sweetbaum, Levin & Sands, P.C. |
| Denver, Colorado 80202 | 1125 Seventeenth Street, Suite 2100 |
| Phone: (303) 285-5300 | Denver, Colorado 80202 |
| cmitchell@siwlegal.com | Phone: (303) 296-3377 |
| | jsands@fslpc.com |
| | wstanton@fslpc.com |
| | |
| *s/Henry R. Chalmers* | *s/ Mark D. Johnson* |
| Henry R. Chalmers | Mark D. Johnson |
| Arnall, Golden, Gregory LLP | Gilbert, Harrell Sumerford & Martin, PC |
| 171 17th Street NW, Suite 2100 | Post Office Box 190 |
| Atlanta, Georgia 30363 | Brunswick, Georgia 31520 |
| Phone: (404) 873-8500 | Phone: (912) 265-6700 |
| henry.chalmers@agg.com | mjohnson@gilbertharrelllaw.com |
| **Attorneys for Plaintiff CollectACheck, Inc.** | **Attorneys for Defendants Check Collection & Recovery, Inc., Victor Long, and Charles Hinely** |